## WOOD *against* DAVIDSON and another.

### IN ERROR.

If an action be brought for a legacy without a refunding bond having been previously tendered, or filed, the defendant may plead the want of such bond in abatement, or, on the return of the writ, may move the court to abate it, or the court may stay proceedings till a reasonable indemnity be given.

On the return of a writ of error to the Court of Common Pleas of *Lycoming* county, it appeared that *William Wood* brought an action of *indebitatus assumpsit* for money had and received against *Arthur Davidson* and *Thomas Wood,* administrators *pendente lite,* of Dr. *Thomas Wood.* The case, notwithstanding the form of the declaration, was treated as an action for a legacy, and no refunding bond having been tendered or filed before the action was brought, the court below, on the trial, ruled that " the suit could not be sustained without the plaintiff's tendering or filing a refunding bond, as the suit is brought for a distributive share of the estate of *James Wood,* deceased." Verdict for the defendant.

The writ of error was argued by *Campbell* for the plaintiff in error, and *Ellis* for the defendants in error.

The opinion of the court was delivered by

Rogers, J.—It is enacted in the fourth section of the act of the 21st of *March,* 1772, that no suit shall be maintained for a legacy until reasonable demand made of the executor or administrator, and an offer made and filed of a refunding bond, with two sufficient sureties, with condition, that if any part, or the whole thereof, shall, at any time after, appear to be wanting to discharge any debt, or debts, legacy, or legacies, which the executors, &c. shall not have other assets to pay, then he, the said legatee, will return his legacy, or such part thereof, as shall be necessary for the payment of said debts or a proportionate part of the legacies; and, in default thereof, the section provides, the *process* issued shall *abate.* The plaintiff claims by the will of Dr. *Wood,* so that the administrators have a right to require an indemnity, with condition, underwritten, as provided by that act; and the bond, as has been decided in *Ross, Garnishee of Ross,* v. *M'Kinney, for the use of Ross,* should be tendered and filed previous to the commencement of the suit; and in this there is a distinction between a suit for a legacy and a distributive share. In this construction of the act we all concur; but there is some difference of opinion as respects the manner the omission must be taken advantage of by the defendant. It appears, to a majority of the court, that the defendant should move the court, at the return of the writ, that the suit abate, or that he should file

(Wood *v.* Davidson and another.)

a plea in abatement; and this opinion is warranted by the words, the spirit and the practice, although not uniform, since the passage of the act.    The legislature have used a technical term with a technical signification, and, we are to presume, with a full knowledge of its meaning.   It would be unjust that the defendant should lie by until the trial, and then, upon a mere formal objection, turn the plaintiff round to a new suit.   We do not consider the estate of Dr. *Wood* without remedy; and, in case a refunding bond may be necessary for the security of the executor, the court have power to prevent injustice by staying the proceedings until a reasonable indemnity be given.    And this equitable power is recognised in the case of *Ross* v. *M'Kinney*, decided at *Chambersburg*, and not yet reported.

Judgment reversed, and a *venire facias de novo* awarded.