# Walthour's Adm'rs *versus* Walthour's Adm'rs.

1. Where an executor or administrator has money in his hands belonging to a distributee, whose residence is known, it is his duty to give notice of his readiness to pay the money, and hold it subject to the owner's demand.

2. If the residence of a distributee is unknown, and cannot be ascertained upon reasonable inquiry, the fund may be retained in the hands of the executor for any period not exceeding one year, when it should be invested.

ERROR to the Court of Common Pleas of *Westmoreland county.*

The facts of the case fully appear in the opinion of the court, delivered December 15, 1853, by

KNOX, J.—Where an executor or administrator has money in his hands belonging to a distributee, whose residence is known, it is the duty of the executor to give notice of his readiness to pay the money, and hold it subject to the owner's demand.

If the residence of the distributee is unknown, and cannot be ascertained upon reasonable inquiry, the fund may be retained in the hands of the executor for any period not exceeding one year, and should then be invested.

In the present case, the residence of the party, entitled to receive the money, was unknown; and no demand was made for nearly ten years after the decree of distribution—the fund, in the meantime remaining idle. Upon this state of facts the learned judge, who tried the cause, instructed the jury that the defendant was not liable for interest. In this we think there was error. The jury should have been directed to allow the plaintiff interest from the expiration of one year after the account was settled and distribution decreed. The advice of counsel to the defendant, to retain the money, has no effect upon his liability for interest.

Judgment reversed and *venire de novo* awarded.