# Metropolitan Life Insurance Co. *versus* Drach.

1. A narr. in debt on a policy of life insurance contained two counts—one a special count on the policy, and the other the common count for money had and received, in which the amount declared on was the amount insured. On demurrer to the narr.: *Held* (without deciding the validity of the first count), that the second count was sufficient to maintain the action, and that judgment on the demurrer was therefore properly entered for plaintiff.

2. An ambiguous or obscure policy of insurance is to be construed most strongly against the insurer.

3. A policy of life insurance stipulated to pay upon satisfactory proof of death $150, "one-third only of the above sum payable if death occur after three months and within six months from date; two-thirds only if death occur after six months and within one year; and the full amount only if death occur after one year." The insured died within three months after the date of the policy: *Held*, that the insurance company was liable for the full amount of the policy.

October 10th 1882.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas No. 1 of *Allegheny county*: Of October Term 1882, No. 97.

Debt, by Catharine Drach, administratrix of Christian Drach, deceased, against the Metropolitan Life Insurance Company, upon a policy of life insurance.

Judgment was entered by the court for the plaintiff upon demurrer to the narr. The said pleadings and judgment were as follows:—

NARR.

ALLEGHENY COUNTY, ss.

The Metropolitan Life Insurance company, a corporation, chartered or created under the laws of the state of New York, the home office of which is New York, and doing business in a branch office at No. 96 Fourth avenue, Pittsburgh, in Allegheny county, Pennsylvania, was summoned to answer Catharine Drach, administratrix of Christian Drach, deceased, of a plea of debt, and thereupon said plaintiff by Jas. F. Gildea, her attorney, complains that whereas heretofore, to wit, on the 31st day of October 1881, by a certain deed poll or policy of insurance then and there made by said company, sealed with its seal and an exact fac simile of said deed or policy of insurance, the said plaintiff now brings here into court the date whereof is the day and year aforesaid, the said company did promise to pay after death of Christian Drach, his executor, administrator, husband or wife, etc., or person or persons entitled to the same, the sum of one hundred and fifty dollars, on due proof of death and surrender of said policy and receipt book in consideration of the payment by said Catharine Drach, administratrix as aforesaid of the sum of ten cents per week payable in advance, to wit, on 31st October, and the like sum of ten cents payable in advance, on Monday of each week during the continuance of said policy, and in consideration of Christian Drach not engaging in blasting or sub-marine operations or in the manufacture of inflamable or explosive substances, or in military or naval service, (except the militia when not in actual service,) nor committing suicide, nor death by the hands of justice, nor in violation of law, and thereupon said defendant became insured of the life of said Christian Drach, for the benefit of said plaintiff to the amount of one hundred and fifty dollars, and the said plaintiff further says that she paid all the premiums of policy required as and when required by the terms thereof, and plaintiff further says that Christian Drach died on the 21st day of December 1881, of natural causes, at Pittsburgh, to wit in the county aforesaid, of which afterward, to wit, on the      day of January 7th 1882, defendant had notice by proof of death and made and furnished by the plaintiff in substance and form as required by said corporation, and also on said date, to wit, January 7th 1882, the policy and receipt book containing the entries of premiums were exhibited to W. G. Staniland, the authorized agent of said

[Metropolitan Life Ins. Co. *v.* Drach.] .

corporation at his office, No. 96 Fourth avenue, Pittsburgh, and said policy and receipt book surrendered to said company, that on or about January 12th 1882, the said policy and receipt book were returned to said plaintiff by its agent, and accompanying them was a refusal on part of said company to pay any money whatever to the plaintiff, the said corporation saying it was not liable and owed nothing on account of policy taken out on the life of said Christian Drach for benefit of said plaintiff, by reason whereof an action has accrued to said plaintiff to demand from said defendant the sum of one hundred and fifty dollars, so issued as aforesaid.

And whereas, also, the said defendants, to wit, on the 12th day of January 1882, to wit, at Pittsburgh, in the county aforesaid, had and received a certain other sum of money, to wit, the sum of one hundred and fifty dollars, like lawful money to and for the use of said plaintiff and to be paid by said 'defendant, when the said defendant should thereunto afterward be requested whereby and by reason of the divers other sums of money before that time, and then due and owing in arrears, and unpaid from said defendant to plaintiff, and upon that accounting the said defendant was then and there said to be in arrear and indebted to said plaintiff in the further sum of one hundred and fifty dollars, to be paid by said defendant when said plaintiff should thereafterward request defendant to pay the same. Whereby and by reason of the last mentioned sum of money being and remaining wholly unpaid, an action has accrued to the said plaintiff to demand and have of said defendant the sum of one hundred and fifty dollars residue of the said sum above demanded.

Yet the said defendant although often requested so to do hath not as yet paid the said one hundred and fifty dollars above demanded, or any part thereof to said plaintiff but to do this hath hitherto wholly refused and still doth refuse to the damage of said plaintiff of one hundred and fifty dollars and therefore he brings suit.

### DEMURRER.

And now, to wit, April 15th 1882, G. L. B. Fetterman and W. K. Jennings, counsel for defendant, demur to the plaintiff's declaration and say that the same is not sufficient in law to support the plaintiff's claim.

### JUDGMENT.

And now, to wit, May 6th 1882, the demurrer overruled in this case and judgment entered for the plaintiff upon the demurrer, to be liquidated upon the præcipe of the plaintiff's attorney.                                   BY THE COURT.

The defendant, having excepted to the judgment, took this

[Metropolitan Life Ins. Co. *v.* Drach.]

writ of error, assigning for error the entry of said judgment for the plaintiff and the refusal of the court to enter judgment for the plaintiff upon the demurrer.

A copy of the policy in suit was attached to the paper book of the plaintiff in error, the material portion of which was as follows :

THE METROPOLITAN LIFE INSURANCE COMPANY, in consideration, etc. . . . . . . doth hereby agree to pay to the person or persons designated herein upon receipt of proofs, satisfactory to said company, of the death of the life insured, the sum of money stipulated in said *Schedule,* under the words " Amount of Insurance."

The " Schedule" was incorporated in the policy, and was as follows :

SCHEDULE ABOVE REFERRED TO.

Name of person whose life is insured under this policy.

CHRISTIAN DRACH.

| Number of policy. | Age of Insured. | Weekly premium. |
|---|---|---|
| 475442 | 33 | 10c. |

AMOUNT OF INSURANCE.

If life insured is rated at 12 years of age or over.

$150.

One-third only of the above sum payable if death occur after 3 calendar months and within 6 calendar months from date ; two-thirds only if death occur after 6 calendar months and within one year ; and the full amount only if death occur after one year, except in case of consumption, when but one-half the above amounts will be payable if death occur during the first year.

If life insured is rated under 12 years of age.

Amount payable provided death occur after 3 calendar months from date and after this policy has been in force for the following periods, viz :

| Age next Birthday. | Under 1 year. | One year. | Two years. | Three years. | Four years. | Five years. | Six years. | Seven years. | Eight years. | Nine years. | Ten years |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 14 | 19 | 24 | 28 | 31 | 35 | 40 | 50 | 60 | 70 | 90 |
| 3 | 19 | 24 | 28 | 31 | 35 | 40 | 50 | 60 | 70 | 90 | 123 |
| 4 | 24 | 28 | 31 | 35 | 40 | 50 | 60 | 70 | 90 | 123 | |
| 5 | 28 | 31 | 35 | 40 | 50 | 60 | 70 | 90 | 123 | | |
| 6 | 31 | 35 | 40 | 50 | 60 | 70 | 90 | 123 | | | |
| 7 | 35 | 40 | 50 | 60 | 70 | 90 | 123 | | | | |
| 8 | 40 | 50 | 60 | 70 | 90 | 123 | | | | | |
| 9 | 50 | 60 | 70 | 90 | 123 | | | | | | |
| 10 | 60 | 70 | 90 | 123 | | | | | | | |
| 11 | 70 | 90 | 123 | | | | | | | | |

When the amount of Insurance, according to the terms of this table, reaches $123, it will continue at that sum during the lifetime of the person insured, subject to the terms and conditions of this policy.

[Metropolitan Life Ins. Co. *v.* Drach.]

Upon the death of the insured by accident at any time after the date of this policy, and while the same is in force, the full sum assured shall be payable.

*W. K. Jennings* (with him *G. L. B. Fetterman*), for the plaintiff in error.—With the exception. of the clause at the end of the schedule relating to death " by accident at any time after the date of this policy, " there is no contract to pay anything, if the death of the insured occurs within three months from the date of issue of the policy. As it affirmatively appears by the narr., that the insured died from natural causes within less than three months from the date of the policy, the plaintiff has no cause of action : Bauman *v.* Metropolitan Life Ins. Co., 8 Ins. World 335. Under the ruling of the court below, if the insured should die one week after the taking out of the policy, the company, having received but 10 cents premium, would be liable to pay $150, thus making the risk three times greater during the first three months than during the second three months, although the premium was very much smaller. In this class of policy the Metropolitan Company imitates the Prudential Insurance Company of London, except that the latter stipulates that their policies must be in force six months before the assured is entitled to any benefit, while our company reduces their time to three months.

*J. F. Gildea* and *R. B. Parkinson*, for the defendant in error.—In Bauman *v.* Metropolitan Life Ins. Co., cited by the other side, the policy expressly stated that if the insured died within three calendar months from the date of the policy, no loss should be payable. This is entirely different from the policy in suit, which says nothing with respect to payment or non-payment of loss in such case. Whatever the company may have intended, there can be no doubt that the insured understood that the risk attached from the date of the policy. An ambiguous clause in a policy, especially when printed in such minute type as was the case here, is to be construed most strongly against the company and in favor of the assured.

Mr. Justice STERRETT delivered the opinion of the court, November 20th 1882.

By demurring generally to the declaration, the defendant below admitted the truth of all matters of fact sufficiently pleaded therein ; and hence it follows that if a good cause of action is properly presented in either count of the declaration, there was no error in overruling the demurrer and entering judgment for the plaintiff. Whatever doubt may exist as to

the sufficiency of the first count, the second, though somewhat informal, is substantially good, and supports the judgment.

The first count is on the contract of insurance, as evidenced by the policy of which profert is therein made. We are not prepared to say that it, also, does not disclose a good cause of action. The agreement of the company, as expressed in the policy, is to pay "upon receipt of proofs, satisfactory to the company, of the death of the life insured," the sum of money stipulated in the schedule, under the words "Amount of insurance." Turning to the printed schedule, which forms part of the policy, we find $150, written in plain characters under the words above mentioned. This is evidently "the sum of money stipulated" to be paid in the event of death, and satisfactory proof thereof; but, underneath the figures, is printed the following, viz: "one-third only of the above sum payable if death occur after three calendar months and within six calendar months from date; two-thirds only if death occur after six calendar months and within one year; and the full amount only if death occur after one year."

In view of this limitation as to the amount payable in certain contingencies, it is contended that the company has not obligated itself to pay anything in the event of death within three months from date of the policy; and, inasmuch as it is averred in the first count that the insured died within that time, it discloses no cause of action, and is therefore bad. If the provision above quoted was designed to convey the meaning thus contended for, it is badly expressed and calculated to mislead. Three contingencies appear to be therein provided for: 1st, death of the insured during the fourth, fifth and sixth calendar months, in which event, "one-third only" of the stipulated amount shall be paid: 2d, death within the seventh to twelfth month inclusive, in which event "two-thirds only" shall be paid; 3d, death after one year from date of policy, in which event "the full amount only" shall be paid. It contains no express provision for the contingency of death within the first three months; and no unnecessary implication or liberal construction should be resorted to for the purpose of relieving the company from the payment of the sum specifically mentioned in the policy. Construing it, as should be done, most strongly against the insurer, it is by no means clear that the language used by the company exempts it from all liability in the event of death within the first three months. Its general undertaking, as we have seen, is to pay $150, upon receiving satisfactory proof of death. If it was intended that no liability whatever should be incurred, unless the insured survived the first three months, it should have been expressed in language not calculated to mislead, or entrap the ignorant and unwary.

In Bauman *v.* The Metropolitan Life Ins. Co., 8 Ins. World 335, cited on argument by the plaintiff in error, the phraseology of the policy was entirely different. It provided that if the party insured died within three calendar months no loss should be payable. If such language had been used in the policy before us, there could be no question as to the insufficiency of the first count. But, whether that count be considered good or bad, the second, as has already been observed, is sufficient, in form as well as substance, to sustain the judgment of the court below. In the contemplated assault on the first count the nature of the second appears to have been overlooked.

Judgment affirmed.

GORDON, TRUNKEY and GREEN, JJ., dissented.