## Bear's Estate.    Weaver's Appeal.

*Bill of review—Orphans' court—Distribution.*

A petition to open the confirmation of an auditor's report, and to decree a redistribution of a decedent's estate, will not be allowed where the petition does not allege fraud, or that the money sought to be recovered had not been paid out to the distributees mentioned in the decree of distribution.

Argued May 16, 1894.   Appeal, No. 357, Jan. T., 1894, by Elizabeth Weaver, from decree of O. C. Lancaster Co., refusing

to open confirmation of auditor's report in estate of George Bear, deceased. Before STERRETT, C. J., WILLIAMS, McCOL-LUM, MITCHELL and FELL, JJ. Affirmed.

Rule to open auditor's report, redistribute, etc.

Appellants' petition, filed Dec. 24, 1892, averred:

" That she is a daughter of Henry Bear, late of Bainbridge, Lancaster county and state of Penna., deceased, who was a brother of George Bear, late of the borough of Strasburg, in said county and state, deceased.  That she has a brother, Benj. M. Bear, living near Safe Harbor, in said county ; that she has two nephews, Benjamin and Franklin Rummel, children of a deceased sister, and two children of a deceased niece, also living in said county.

" That she moved in 1873 to Dauphin county and has been living there ever since.  That her father died April 4, 1872.

" That she further represents that George Bear, her uncle, as appears from the register's office of Lancaster county, died Jan. 10, 1880.  That Franklin Bowman administered upon his estate and filed an account Oct. 28, 1880, showing a balance in his hands of $1,350.17.

" That, on motion of P. D. Baker, Esq., Dec. 25, 1880, the court appointed S. W. Shadle, Esq., auditor to report distribution, and that on Jan. 22, 1881, also on motion of P. D. Baker, the court appointed John H. Fry, Esq., additional auditor in the matter of the distribution.  That the said auditors met and examined Jacob Brenneman, one of the distributees, who testified, inter alia, that said George Bear died unmarried, that he had no brothers or sisters, and distributed the said balance among the first cousins of the said deceased.  She further represents that said testimony was altogether untrue and necessarily deceived the auditors in making their distribution.  The said balance should have been distributed to the aforesaid niece and nephew and grandnephews of the said George Bear, deceased.

" She further represents : That she has only learned within the past six or eight months of the death of her uncle, George Bear, and that his estate had been settled and distributed, and she is informed by the other parties interested that they knew nothing, until about that time, of the death of the said George Bear, or of the settlement and distribution of his estate.

" She therefore prays the court for a rule to show cause why said report should not be opened and the money, with interest, be paid and a redistribution ordered and made among those legally entitled to the fund."

The answer was as follows:

" Franklin Bowman, administrator of the said decedent, to the above mentioned rule makes answer and says that letters of administration on the estate were duly granted to him, and that with the advice and assistance of his counsel, P. D. Baker, Esq., he settled up the estate and filed an account of his management thereof in this court which was absolutely confirmed; the account was referred to auditors who distributed the balance thereof, to wit: Twelve hundred and seven dollars and thirteen cents to the persons named in their report, which was absolutely confirmed, the said persons being the only ones who to him were known to be related to and heirs of the said decedent; that at the time he made due and diligent inquiry for any other persons who might be heirs or distributees and complied with all the requirements of the law, but could discover none other than those named in the report; that after the confirmation of the report he paid the amounts to the several distributees named and the amount awarded to Anne Menge's estate, to wit: Three hundred and one dollars and seventy-nine cents, he paid to P. D. Baker, Esq., who informed him that he had taken out letters of administration on her estate; that he knows of nothing showing that the petitioners are related to the decedent, and under the law the said petitioners are not entitled to any review of the account nor a redistribution."

The following replication was filed :

" And now, Feb. 20, 1893, the plaintiff joins issue with the defendant in his answer to plaintiff's petition."

The court, in an opinion by LIVINGSTON, P. J., discharged the rule on the ground that the petition did not allege fraud or mistake or that the moneys sought to be recovered had not been paid out.

*Error assigned* was above decree.

*John H. Fry, A. Herr Smith* and *A. O. Newpher* with him, for appellant, cited: George's Ap., 12 Pa. 260; Milne's Ap.,

99 Pa. 483; Johnson's Ap., 114 Pa. 132; Littleton's Ap., 93 Pa. 177; Anderson's Ap., 102 Pa. 258; Downing's Est., 5 Watts, 90; Briggs's Ap., 5 Watts, 91; Clauser's Est., 1 W. & S. 215; Bunting's Ap., 4 W. & S. 469; Pennypacker's Ap., 14 Pa. 430; Willard's Ap., 65 Pa. 267; Snyder's Ap., 36 Pa. 166; George's Ap., 12 Pa. 260.

*John A. Coyle, Wm. H. Keller* and *George Nauman* with him, for appellee, cited: Lehr's Ap., 98 Pa. 25; Cramp's Ap., 81 Pa. 90; Russell's Ap., 34 Pa. 258; Stewart's Ap., 86 Pa. 149; Act of Oct. 13, 1840, P. L. 1841, p. 1; Bunting's Ap., 4 W. & S. 469; Kinter's Ap., 62 Pa. 318; Gillen's Ap., Black's Est, 8 W. N. 499; Hoban's Ap., 102 Pa. 404; Scott on Intest. Laws, page 73; 1 Rhone's O. C. Pr., 646, 650; Rhoads' Ap., 39 Pa. 186; Weiting v. Nissley, 6 Pa. 141; Chambers' Ap., 11 Pa. 443; Hartman's Ap., 36 Pa. 70; Given's Est, 6 W. N. 434; Charlton's Ap., 88 Pa. 476; Wainwright's Ap., 37 Leg. Int. 274; Wistar's Est., 39 Leg. Int. 265; Montgomery's Ap., 92 Pa. 202.

PER CURIAM, July 11, 1894:

An examination of this record has satisfied us that there is no error in the decree complained of in this case, and hence it should be affirmed.

Decree affirmed and appeal dismissed with costs to be paid by appellant.