Estate of Geo. Bear, deceased.    Appeal of B. F. Kready.

*Decedent's estate—Executors and administrators—Unauthorized distribution.*

Payment by an administrator to an unauthorized representative of a distributee is no defense to a claim made by an administrator of the distributee who presents proof of his legal appointment.

*Statute of limitation—Administrator as a trustee—Interest on withheld distribution.*

An administrator is a trustee for the next of kin, and while a trust subsists, the statute does not continue to run and he will be held accountable in the case of a mispayment for the principal in question and interest from one year after the date of the adjudication and decree of distribution.

Argued November 16, 1898.    Appeal, No. 32, Oct. T., 1898, by B. F. Kready, administrator, from decree of O. C. Lancaster Co., discharging rule on Franklin Bowman, administrator of George Bear, deceased, to show cause why he should not pay to administrator of Ann Menge, deceased, the share awarded to her administrator, as per auditor's report of said estate, made January 15, 1898.    Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.    Reversed.

Rule on Franklin Bowman, administrator of George Bear, deceased, to show cause why he should not pay to Thomas J. Wright, administrator of Ann Menge, deceased, the share awarded to her administrator, as per auditor's report in estate of George Bear, deceased.    Before LIVINGSTON, P. J.

It appears from the record and evidence that George Bear died January 10, 1880, intestate, unmarried and without issue. Letters of administration were granted to Franklin Bowman, who filed his account October 28, 1880, showing a balance in hand for distribution of $1,350.17, which account was absolutely confirmed January 22, 1881.    Auditors were appointed to report distribution, whose report was confirmed February 11, 1881, without exception.    By their report an award was made to Ann Menge, née Bear (her administrator), of $301.79 (daughter of Benjamin Bear, an uncle, a cousin of decedent).    On December 24, 1892, Elizabeth Weaver obtained a rule to open the auditor's report and distribute the estate, which rule was discharged

by the orphans' court and the decree confirmed as reported in Bear's Estate, Weaver's Appeal, 162 Pa. 547.  On July 5, 1895, the present rule was taken, in support of which depositions were taken which disclosed, inter alia, that the administrator, defendant in this case, paid the share or money awarded to Ann Menge's administrator, $301.77, to Philip D. Baker who had acted as the defendant's counsel and who reported that he was the administrator of Ann Menge ; that an interval of about five years intervened from the time the administrator paid the rest of the shares to Mr. Baker in 1881 to the time that he paid Ann Menge's portion to Mr. Baker in 1886 ; that during that time the administrator endeavored to find out if there was any one who knew anything about her; inquired of parties who ought to have known of the Bear family and failing to obtain any knowledge of her, finally paid to Mr. Baker as her administrator or representative of her estate, and took from him no refunding bond or release.   It did not appear that Baker had taken out any letters of administration on the estate of the said Ann Menge.   It appeared in evidence that the said Ann Menge died in Chicago on April 8, 1895, and that Mr. Baker lived until 1892.   There was no affirmative evidence that he did not pay it to her during her life.   The court below held: " The evidence as to the payment of the shares, which was before the court and the Supreme Court in Weaver's Appeal, 162 Pa. 547, is now before the court on the present application. We have no new evidence before us on that point.   There is proof that the shares awarded to her were paid to her proper representative, in 1886, and that he lived some six years after receiving it, and that she lived some three years after he died. We therefore discharge the rule."   Plaintiff appealed.

*Errors assigned* among others were (2) in not making the following rule absolute: " Rule on Franklin Bowman, administrator of George Bear, deceased, to pay over the share of Ann Menge (or Plantz) to her administrator, Thomas J. Wright." (5) The court erred in the following finding: " He paid it as the auditor's report and decree of court required, to Mr. Baker, her administrator, or the representative of her estate."

*John H. Fry*, for appellant.—The effect of the confirmation

of the auditor's report in George Bear's estate, was conclusive as to the subject-matter upon all parties interested therein: Wainwright's Appeal, 37 Leg. Int. 133.

That an administrator is chargeable with interest from the decree cannot be doubted. In that respect a decree is like a judgment: Wither's Appeal, 16 Pa. 151.

The report of an auditor in the orphans' court has the effect of a verdict of a jury: Hottenstein's Appeal, 2 Grant, 301.

Payment to strangers is no payment at all. As well might a banker interpose as a defense the payment of his depositor's funds on a check, when the signature of the drawer is a forgery. Payment to wrongful parties is no defense: Carter v. Trueman, 7 Pa. 315.

A demand by legatees, heirs or creditors, is not necessary. It is the duty of administrators to give them notice, either by settlement of their accounts, or in some other way, of the amount in hand for distribution: Merrick's Estate, 1 Ash. 305.

It is the duty of the administrator having moneys in his hands belonging to distributees whose residence is unknown, to invest the same at once: Walthour v. Walthour, 2 Grant, 102; Laua v. Kech, 11 Leg. Int. 31.

The duty of the executor or administrator is to keep the fund safe, and if it is to remain a long time in his possession, he should either pay it into court or invest it in some safe securities: 3 Rhone, sec. 131; Merrick's Estate, supra.

We earnestly invite the special attention of the court to the case of Campbell v. Reed, 24 Pa. 498, where an administrator, without diligent inquiry, and under advice of counsel, and under threat of suit, paid the share of an absent brother who had not been heard from for thirty years, to his sole surviving brother. It was held that the administrator was liable for the principal and interest six months after the confirmation of the account to the executor of the absent brother.

The case of Campbell v. Reed, supra, disposes of every issue which is raised in the present controversy and especially of the liability of an administrator to the representative of an absent heir, and of the manner of computing interest on such liability.

The court below seemed to be of the opinion that this case was before the orphans' court and the Supreme Court in Weaver's Appeal, 162 Pa. 547, and therefore this matter is res adju-

dicata; but we contend that this matter is not res adjudicata, as the parties and subject-matter are entirely different from those in the previous adjudication: Schriver v. Eckenrode, 87 Pa. 213.

Franklin Bowman, the appellee, is clearly incompetent under the Act of May 23, 1887, P. L. 159, sec. 5 (e). He testified in 1895 to matters occurring in 1885, while Ann Menge died in 1895, and his interests were adverse to those of Ann Menge. This principle is fully established: Yeakel v. McAtee, 156 Pa. 600; Wolf v. Wolf, 158 Pa. 621; Sutherland v. Ross, 140 Pa. 379.

*John A. Coyle* and *George Nauman*, for appellee.—The case is res adjudicata: Weaver's Appeal, 162 Pa. 547.

The appellant is not an heir or distributee of George Bear, deceased, a portion of whose estate she is claiming. She is barred by the seven year limitation of the act of April 8, 1833, and is also barred by her negligence. She was virtually a party to the Weaver application: 1 Herman on Estoppel, 278.

On the question of the negligence of the appellant, cited Bones's Appeal, 27 Pa. 492; Chorpenning's Appeal, 32 Pa. 315.

OPINION BY WILLIAM W. PORTER, J., February 17, 1899:

George Bear died January 10, 1880, intestate. The report of the auditors upon the account of the administrator was confirmed February 11, 1881, and directed distribution to be made to the first cousins of the decedent. As to the share of Ann Menge, the auditors reported: "This daughter, Ann Bear, the evidence shows, has been absent and unheard of for a period of years sufficient to raise a legal presumption of her death; but the evidence does not show whether the legal period, at which the presumption would arise, occurred before or after the death of the decedent. Therefore, your auditors would award the share of the uncle, Benjamin Bear, to Ann Bear's administrator, to be appointed." In the table of distribution the award reads thus: "Ann Menge, née Bear (her administrator), $301.79 (daughter of Benjamin Bear, and uncle, a cousin of decedent)."

It appears that the administrator held back Ann Menge's share until April 5, 1886. He then drew a check for the face of the award to the order of Philip D. Baker, Esq. (who was

the accountant's attorney), and earmarked the check by reciting that it was for "Menge Bear's share in George Bear's estate." This payment was made on the faith of Baker's statement that he was the administrator of the estate of Ann Menge, or the attorney of such administrator. This was not a payment in satisfaction of the award. No one but the administrator of Ann Menge's estate was legally entitled to the money as the record stands. The burden was upon the accountant to show that he had made payment to such administrator, when challenged. That he made payment to some one, who represented himself to be the administrator, is not sufficient. It was for the accountant to see to it that he paid the person entitled. Payment to a stranger is no defense to a claim. Consequently, the accountant is still liable to an administrator, who presents proof of his legal appointment.

The evidence discloses the fact that Ann Menge did not die until April 8, 1893. But the record of the award was not impeached or amended; and a payment had already been made to one who erroneously claimed to be an administrator. There is, therefore, nothing to raise the presumption that payment was ever made to Ann Menge in her lifetime.

We cannot assent to the proposition that the payment made of this distributive share has been approved and is res adjudicata. The evidence in Weaver's Appeal, 162 Pa. 547, was that Ann Menge's money had been paid to Baker as administrator of her estate. The only evidence to contradict the statement was that no letters of administration had been taken out in Lancaster county upon her estate. Here, there is a direct attack made on the validity of the payment to Baker. The evidence that no letters were ever granted to Baker is supplemented by proof that letters have been granted to the present petitioner. Furthermore, neither Ann Menge nor the administrator of her estate appeared in the former litigation, which was an attack upon the general decree of distribution. The decision of the court below, affirmed by the Supreme Court, was upon the main question of the right to reopen a distribution directed and consummated under the order of the orphans' court, after the limitation fixed by the act of 1840, and in the absence of allegation of fraud. It cannot be that a payment to one who exhibited no letters of administration has been held to be a good payment as

against one who now comes forward with such letters in his hand, making demand.

The contention that the petitioner is barred by laches is not sound. This is not the case of a failure to demand an account, or to assert rights which have, by reason thereof, been ignored or overlooked. Here is a record by which the right of Ann Menge's Estate has been determined and preserved. The accountant was not injured or misled by the distributee's failure to demand payment. His duty was plain. He was required to pay it to a duly appointed administrator. Such a payment would have been a full protection under the compulsion of the decree: Devlin v. Commonwealth, 101 Pa. 273. The report of the auditors warranted him in assuming that Ann Menge was dead. He had no interest in her estate to warrant his application for letters. Indeed, his position as administrator of the one estate prevented his acting personally in the other. The case comes down to this. If Baker had taken out letters, Bowman's payment would have been a discharge; Baker not having letters, the payment was not a discharge.

The Act of April 8, 1833, P. L. 315, sec. 19, providing that all suits of an intestate's relations shall be barred in seven years on failure to present a claim, does not apply here. The claim was before the court, inasmuch as an award was made and a decree entered. This act is "intended to protect administrators . . . . in the event of the distribution of the estate without notice . . . . but it never was designed that it should be used for the unjust purpose of enabling the administrator to put the money . . . . in his own pocket. The administrator is a trustee for the next of kin, and while a trust subsists, the statute does not continue to run:" Logan v. Richardson, 1 Pa. 372. Here the trust relation of the accountant continued until payment was made to a legally constituted administrator.

While the accountant must also be held to the payment of interest, we are of opinion that he was entitled to retain the fund for a reasonable time to await the appointment of an administrator. It affirmatively appears that he kept the fund on deposit in bank awaiting the claim of the distributee for a considerable time; and did not apply it to his own use. Under these circumstances, interest should run from one year from the entry of the decree: Walthour v. Walthour, 2 Grant, 102. "The

charge of interest as against an administrator is not a matter of right; a necessary consequence of money being in his hands, but depends on a variety of circumstances, such, for example, as the money being needed for the payment of debts, or other purposes, connected with the settlement of the estate:" Wither's Appeal, 16 Pa. 151.

The decree in this case is, therefore, reversed, and it is ordered that the appellee pay to the appellant the sum of $301.79, with interest from February 11, 1882.