## Kelsey's Estate

*Walter L. Peake*, for claimants.
*McClintock & Beach*, for accountant.

WAITE, P. J., April 4, 1935.—This matter is before the court on the audit of the first and final account of Ed Waters, executor of the estate of Willie Kelsey, deceased. Decedent in his lifetime was administrator of the estate of his father, Simon Kelsey. He filed his final account in the said estate in the Orphans' Court of Crawford County to no. 25, May term, 1922. Said account, as duly confirmed in said court on June 8, 1922, shows a balance of $64.34 in the hands of the administrator for distribution equally among the seven surviving children and heirs at law of the decedent. An exemplified record of the account as confirmed has been offered in evidence and shows the balance as above set forth and further shows no record of payment of the balance. The claimants, Erma Lines and Minnie Kelsey, are two of the heirs at law of Simon Kelsey and as such are each entitled to a one-seventh part of the balance of $64.34, in addition to the interest thereon. Said claimants are disqualified as witnesses under section 5(e) of the Act of May 23, 1887, P. L. 158, to prove their claims against the estate of Willie Kelsey. Their claims are, in our opinion, however, properly proven by the exemplified record, as no evidence of payment was offered or produced. Under the facts in the case, the presumption of nonpayment stands unrebutted; the statute of limitations is not a bar and, as the duty of the fiduciary was to pay without further demand the amount shown to be due by the confirmation of the court, there is no waiver by the claimants that would bar their present demand.

In Bear's Estate, 9 Pa. Superior Ct. 492, in which the facts are somewhat analogous, the court said, at p. 497:

"The contention that the petitioner is barred by laches is not sound. This is not the case of a failure to demand an account, or to assert rights which have, by reason thereof, been ignored or overlooked. Here is a record by which the right of Ann Menge's Estate has been determined and preserved. The accountant was not injured or misled by the distributee's failure to demand payment. His duty was plain. He was required to pay it to a duly appointed administrator. . . .

"The Act of April 8, 1833, P. L. 315, sec. 19, providing that all suits of an intestate's relations shall be barred in seven years on failure to present a claim, does not apply here. The claim was before the court, inasmuch as an award was made and a decree entered. This act is 'intended to protect administrators . . . in the event of the distribution of the estate without notice . . . but it never was designed that it should be used for the unjust purpose of enabling the administrator to put the money . . . in his own pocket. The administrator is a trustee for the next of kin, and while a trust subsists, the statute does not continue to run': Logan v. Richardson, 1 Pa. 372. Here the trust relation of the accountant continued until payment was made to a legally constituted administrator."

In Patterson v. Nichol, 6 Watts 379, it is said:

"The Statute of Limitations is not a bar to the recovery of a distributive share of personal estate to which the plaintiff is entitled under the intestate laws."

As to presumption of payment, it is said in Foulk v. Brown, 2 Watts 209, 214, 215:

"Legacies not being within the Statute of Limitations, fall within the rule of presumption. After a lapse of twenty years, bonds and other specialties, merchants' accounts, legacies, mortgages, judgments, and indeed all evidences of debt excepted out of the statute, are presumed to be paid. . . . The court will not encourage the *laches* and indolence of parties, but will presume, after a great length of time, some composition or release to have been made. . . . This length of time does not operate as

a positive bar, but as furnishing evidence that the demand has been satisfied. . . . But it is evidence from which, when not rebutted, the jury is bound to draw a conclusion, though the court cannot. . . . Within the twenty years, the *onus* of proving payment lies on the defendant; after that time it devolves on the plaintiff to show the contrary, by such facts and circumstances as will satisfy the minds of the jury that there were other reasons for the delay of the prosecution of the claim than the alleged payment."

This principle is reaffirmed as being the correct rule in Norris' Appeal, 71 Pa. 106.

It is true that the administrator in the Simon Kelsey estate is now dead and it is against that fiduciary's estate that these claims are presented. But neither death alone nor delay, which injures no one, is enough to justify a court of equity in refusing relief: See McGrann v. Allen et al., 291 Pa. 574. True, the decedent is not here to speak for himself, but it is also true that by reason of his death the mouths of the claimants are closed and other testimony must be produced to establish their claims. This has been supplied in the instant case by the exemplified record. The cases of McGrann v. Allen et al., supra, and Shaw v. Shaw et al., 295 Pa. 241, relied upon by the attorneys for the estate, are distinguishable by their facts from the case at bar. The decision of the court in any case must rest upon a consideration of the facts in that particular case: McGrann v. Allen et al., supra.

The state of the record in the Simon Kelsey estate emphasizes the importance, after a decree of confirmation has been made in the orphans' court, of making distribution, of filing of receipts and of final discharge of the fiduciary.

For the reasons and upon the authorities above referred to, the claims of Erma Lines and Minnie Kelsey are allowed, together with interest at six percent from the date of the final confirmation of said administrator's account, to wit, June 8, 1922.