## McEnery v. Metropolitan Life Insurance Company

396

*Joseph V. McEnery*, for plaintiff.
*Owen B. Rhoads*, for defendant.

LEVINTHAL, J., January 13, 1944.—This is an action in assumpsit which was tried before me without a jury. Plaintiff, Michael J. McEnery, seeks to recover in this action from defendant, Metropolitan Life Insurance Company, a balance alleged to be due him as the un-

paid portion of the cash surrender value of a certain life insurance policy which plaintiff surrendered to the said insurance company on June 23, 1931.

At that time the policy was 10 years old. The policy of insurance contained a table of surrender values in which it was set forth that at the end of the tenth year the cash value of the policy was $201 "for each $1,000 of the amount of the insurance".

The phrase "for each $1,000 of the amount of the insurance" standing alone and without reference to other provisions in the policy presents an ambiguity because, under the terms of the policy, the amount of insurance payable thereunder, depending upon certain contingencies therein named, can be any one of three different sums; thus, the policy provides:

1. That at the maturity of the policy on May 20, 1962, the company would pay to plaintiff, if he were then living, or to his wife in the event of his death, "the sum of $10,000, herein called the face amount"; or

2. $15,000 if death occurred before the insured had attained 60 years of age; or

3. $20,000 if, before the insured had attained 60 years of age, death occurred in consequence of accidental means.

At the time the insured surrendered this policy he was less than 60 years of age and under the foregoing provision, if instead of surrendering the policy the insured had died, there would then have been payable to his beneficiary the sum of $15,000.

Plaintiff therefore contends that the provision in the table of surrender values to the effect that plaintiff was entitled to receive $201 for each $1,000 of the insurance should be construed as meaning that plaintiff was entitled to receive as such surrender value fifteen times $201, or $3,015, on the theory that the amount of insurance which would have been payable to him had he died just before surrendering the policy was $15,000. The insurance company, on the other

hand, contends that the clause "for each $1,000 of the insurance" referred to the face amount of the policy, or $10,000, and that it has paid to plaintiff 10 times the $201 mentioned in the foregoing table of surrender values, or $2,010. The amount in dispute between the parties is therefore $1,005, plus interest.

It is an admitted fact in the case that on June 23, 1931, defendant paid, and plaintiff accepted, a check for the $2,010 (less certain deductions which the insurance company admittedly had a right to make on account of a loan on the policy), and that this check had a notation plainly marked thereon that it was given "in full of all claims and demands under the above numbered policy".

The question naturally presents itself, regardless of the merits of plaintiff's contentions as to the amount which was actually due him, is he now barred from proceeding with this action by his acceptance of this check coupled with the long delay of approximately 12 years which ensued between the acceptance of the check and the institution of this suit?

This question may be answered in the negative by reason of the following additional circumstances in the case: Before the surrender of the policy, plaintiff had lost his original policy and he asked the insurance company to furnish him with a duplicate. Defendant did furnish him with an alleged duplicate policy which was identical with the original policy except that in the duplicate policy the table of surrender values stated that the sums therein set forth were to be paid "for each $1,000 of the *face* amount of the insurance". It will be noted that in the original policy the word "face" was not included in this clause. Plaintiff's position is that, whether this variation between the original policy and the so-called duplicate policy was fraudulent or the result of an innocent mistake, plaintiff was deceived thereby and relied thereon.

Plaintiff further says that although shortly after this occurrence he found the original policy it did not occur to him to check the surrender value provisions, and that he in fact did not discover the variance in the phrase in the original and the so-called duplicate until shortly before this suit was commenced.

The mere fact that a plaintiff does not know that he has a cause of action and consequently delays longer than the period permitted by the statute of limitations to file his suit does not defer the running of the statute of limitations. However, the authorities are clear that if the defendant does anything affirmatively to conceal the accrual of plaintiff's right of action, and thus to mislead him, the statute of limitations will not commence to run until the plaintiff discovers the facts or until the circumstances become such that, by the exercise of ordinary prudence, he reasonably could have discovered them: Morgan et al. v. Tener et al., 83 Pa. 305 (1877) ; Deemer et al. v. Weaver, Executrix, 324 Pa. 85 (1936). The delivery of this "duplicate policy" was such an act as would tend to mislead the plaintiff. The fact that plaintiff shortly thereafter found the original policy does not alter the situation. He would normally assume that the "duplicate" was an exact copy of the original and he should not be required carefully to compare their provisions: Schwab v. Cornell, 306 Pa. 536 (1932).

The real question in the case remains, namely, what is the proper construction and interpretation of the phrase in the table of surrender values to the effect that plaintiff was to receive the amount therein set forth "for each $1,000 of the amount of the insurance"?

Plaintiff's contention is that this language is ambiguous and "as the policy of insurance is the language of the company insuring, if there be any ambiguity it is taken most strongly against the insurer and if

reasonably susceptible to two interpretations, it is to be construed in favor of the insured": Matura et ux. v. United Societies of Greek Catholic Religion of United States of America, 128 Pa. Superior Ct. 365 (1937) ; Metropolitan Life Ins. Co. v. Drach, 101 Pa. 278 (1882).

There is no doubt concerning the correctness of this general proposition, but this does not mean that an isolated clause can be removed from the entire context of the contract in order to create an ambiguity. As was well said in McCowley v. North American Accident Ins. Co., 150 Pa. Superior Ct. 540 (1942) :

"A doubt in an insurance contract will not be 'created' in order to resolve it in favor of the insured. . . . In this State, we do not 'create' a doubt in insurance cases 'which would not be tolerated in any other kind of contract'."

See also Urian v. Scranton Life Ins. Co., 310 Pa. 144 (1933), and Bradley v. Fidelity & Casualty Co. of New York, 141 Pa. Superior Ct. 85 (1940).

Reading all of the provisions of the contract and considering all the testimony concerning the surrounding circumstances, we are irresistibly led to the conclusion that there is only one reasonable interpretation of the aforementioned clause and that the phrase "for each $1,000 of the amount of insurance" can mean only "for each $1,000 of the face amount of the policy" which in this case is the sum of $10,000.

The policy, in referring to the table of surrender values, provides:

"The value of these options are mathematical equivalents, and have been calculated on the basis of the American Experience Mortality Table. . . . These values as computed produce the results set forth in the table herein at the end of the respective years."

An actuary produced by defendant testified without contradiction that according to the American Experience Mortality Table referred to in the foregoing pro-

vision of the policy the cash surrender value of a policy containing all of the benefits provided for in the policy issued by defendant to plaintiff in this case would at the end of the tenth year be approximately $2,010, which is the identical figure resulting by construing the phrase "for each $1,000 of the amount of the insurance" as referring to the $10,000 face amount of the policy.

Moreover, it is well established in Pennsylvania that where a contract is ambiguous or capable of two interpretations, one of which makes it fair and such as a reasonable man would execute while the other makes it inequitable or such as a reasonable man would not be likely to enter into, the former interpretation must be preferred: Reilly v. City Deposit Bank & Trust Co., 322 Pa. 577 (1936); Lackawanna Boiler & Grate Co. v. Lee Coal Storage Co., 28 Lacka. 98 (1927).

The following analysis of the table of surrender values shows the applicability of this principle. According to this table, the amount to be paid as the surrender value of this policy at the end of the fifteenth year (at which time plaintiff would be 59 years of age) is $314 "for each $1,000 of the amount of the insurance", and the amount payable at the end of the sixteenth year (at which time plaintiff would attain the age of 60) is $332 "for each $1,000 of the amount of the insurance".

The construction contended for by plaintiff would therefore have the following unreasonable result: If plaintiff surrendered his policy at the end of the fifteenth year, when he was 59 years of age, he would be entitled to receive from the insurance company 15 times $314, or $4,710. If plaintiff paid an additional year's premium and attempted to surrender the policy at the end of the sixteenth year, according to plaintiff, since only $10,000 worth of insurance would then be applicable, plaintiff would be entitled to receive only

10 times $332, or $3,320. Thus, there would result a shrinkage in the cash surrender value of approximately $1,400, when an increase in value would obviously be proper. Certainly, neither plaintiff nor defendant insurance company could have intended any such inequitable result.

Finally, it should be noted that plaintiff himself considered that the "amount of insurance" which he secured under the policy was $10,000. In the application for the policy, which was signed by plaintiff just before the policy was issued to him, and which is attached to the policy and made part thereof, one of the questions asked is as to the amount thereof. In answering this question, plaintiff stated that the amount of insurance was "$10,000". It is fundamental that the contemporary construction of a contract by the acts of the parties is entitled to very great weight.

I therefore find:

1. That the phrase in the table of surrender values "for each $1,000 of the amount of the insurance" means for each $1,000 of the face amount of the policy, and in this case $10,000.

2. That full payment of the surrender value to plaintiff, in accordance with the terms of the policy, has been made.

Plaintiff's first request for a finding of fact that the policy offered in evidence by plaintiff was the original policy issued by the defendant company to plaintiff is affirmed.

Plaintiff's second and third requests for findings that under the terms of the policy plaintiff is entitled to have the surrender value estimated on the basis of $15,000 of insurance are refused.

Plaintiff's fourth request for a finding that under the circumstances plaintiff is not barred by the statute of limitations is affirmed.

The court finds for defendant.