Schaffer, Appellant, *v.* Larzelere.

Argued November 16, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Louis Kassarich,* for appellant.

*Francis E. Shields,* with him *Pepper, Hamilton & Scheetz,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 19, 1963:

This is an appeal from a judgment entered on the pleadings in a wrongful death action.

The historical facts in chronological order may be summarized as follows:

Plaintiff, as administrator of the Estate of Margaret Stuchko, deceased, filed a complaint in trespass on *October 13, 1960,* alleging a cause of action against the defendants based on the Act of April 15, 1851, P. L. 669, §19, 12 P.S. §1601.[1] It alleged that the decedent was admitted to the defendant hospital in December 1958, for treatment of injuries received in a beating and while so hospitalized was under the treatment and care of the defendant doctor; that death occurred on December 24, 1958, due to the careless premature release of the decedent from the hospital by the defendants. The defendants, in answer, denied any responsibility for decedent's demise and properly raised the defense of the Statute of Limitations, the action having been instituted well over the one year period allowed in such actions.[2] In reply, the plaintiff alleged that the running of the statute did not bar the action because the negligence of the defendants did not come to his knowledge until *December 29, 1959.*

The defendant doctor then filed a motion for judgment on the pleadings. The plaintiff countered with a motion to amend the reply which would add in substance the allegations: (1) That the plaintiff could not have gained knowledge of the defendants' negligence until December 29, 1959, because information of the facts was within the defendants' sole knowledge and they had deliberately concealed the circumstances surrounding the cause of death; (2) That the defendants being in a confidential relationship with the decedent and next of kin had violated their duty in concealing the relevant circumstances.

---

[1] A survival action was also instituted but is not involved in this appeal.

[2] See §2, Act of April 26, 1855, P. L. 309, 12 P.S. §1603.

Oral depositions of the plaintiff administrator and Henry Elesser, father of the decedent, were then taken. The substance of their testimony was that prior to December 29, 1959, neither made any attempt to ascertain the facts as to what occurred at the hospital prior to the death of the decedent.

The judge, then in charge of hearing motions, refused to permit the amendment. Subsequently, the motion for judgment came before another judge for argument and at that time the motion to amend the reply was renewed. The amendment was again denied and judgment was entered on the pleadings. This appeal followed.

The pivotal question now is, whether or not the court below erred in refusing the plaintiff the right to amend the reply? If this refusal were correct, the entry of judgment was also correct and necessarily followed, for without the added factual allegations set forth in the amendment, plaintiff's cause of action was barred by the Statute of Limitations.

Under the law of Pennsylvania, it is the duty of one asserting a cause of action against another to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute the suit within the prescribed statutory period: *Patton v. Commonwealth Trust Co.*, 276 Pa. 95, 119 A. 834 (1923); *Turtzo v. Boyer*, 370 Pa. 526, 88 A. 2d 884 (1952). Mere mistake, misunderstanding or lack of knowledge is not sufficient to toll the running of the statute: *Ridgway's Account*, 206 Pa. 587, 56 A. 25 (1903); *McEnery v. Metropolitan Life Ins. Co.*, 50 Pa. D. & C. 395 (1944). If, however, through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the limitation of the action: *Plazak v. Allegheny Steel Company*, 324 Pa. 422, 188

A. 130 (1936) and *Deemer v. Weaver,* 324 Pa. 85, 187 A. 215 (1936). Likewise, if the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitation does not begin to run until discovery of the injury is reasonably possible. See, *Gotshall v. Langdon & Co.,* 16 Pa. Superior Ct. 158 (1901) ; *Lewey v. Fricke Coke Co.,* 166 Pa. 536, 31 A. 261 (1895) ; *Ayers v. Morgan,* 397 Pa. 282, 154 A. 2d 788 (1959) ; *Smith v. Bell Telephone Co. of Pa.,* 397 Pa. 134, 153 A. 2d 477 (1959).

Therefore, if it is true, as set forth in the proposed amendment, that the defendants deliberately concealed the facts incident to the cause of decedent's death and that the plaintiff could not through the use of reasonable diligence have ascertained these facts, this would bar the defendants from invoking the defense of the statute. Under such circumstances, the limitation period would not begin to run herein until December 29, 1959. In resolving the question of the right to amend, the court is bound to accept as true every relevant fact sufficiently averred therein and every reasonable inference fairly deducible therefrom : *Euster v. Standard Accident Ins. Co.,* 139 Pa. Superior Ct. 6, 10 A. 2d 877 (1940). Further a summary judgment should be entered only in a very clear case : *Ross v. Metropolitan Life Ins. Co.,* 403 Pa. 135, 169 A. 2d 74 (1961).

Should the right to amend have been granted? It is noted that the proposed amendment was not requested until October 13, 1961, several months subsequent to the date when the limitation of the cause of action expired, even under plaintiff's own theory of the case. It is the general rule that the amendment of pleadings is a matter within the wise and judicial discretion of the court below. In the absence of plain error, its action will not be reversed : *Trabue v. Walsh,* 318 Pa. 391, 177 A. 815 (1935). However, the right

to amend should be liberally granted at any stage of
the proceedings unless there is an error of law or re-
sulting prejudice to an adverse party: *Arzinger v.
Baughman*, 348 Pa. 84, 34 A. 2d 64 (1943); *Esso
Standard Oil Co. v. Taylor*, 399 Pa. 324, 159 A. 2d 692
(1960). The Pennsylvania Rules of Civil Procedure
have embodied the modern philosophy of jurisprudence
and court procedure and allow amendments with great
liberality to the end that justice by all parties may be
achieved: See, Pa. R. C. P. 1033; 20 U. Pitt. Law Rev.
553 (1958); 2 Anderson, Pa. Civ. Pract., p. 535; *Cu-
cinotti v. Ortmann*, 399 Pa. 26, 159 A. 2d 216 (1960).

An amendment introducing a new cause of action
will not be permitted after the Statute of Limitations
has run in favor of a defendant: *Spry v. F.U.M.F. Ins.
Co. of Penna.*, 101 Pa. Superior Ct. 49 (1931); *Wess-
ling v. Latkanich*, 144 Pa. Superior Ct. 317, 19 A. 2d
553 (1941); *Coll v. Westinghouse E. & Mfg. Co.*, 230
Pa. 86, 79 A. 163 (1911); *Arner v. Sokol*, 373 Pa. 587,
96 A. 2d 854 (1953). This would constitute "resulting
prejudice" to the adverse party. However, if the pro-
posed amendment does not change the cause of action
but merely amplifies that which has already been
averred, it should be allowed even though the Statute
of Limitations has already run: *Arner v. Sokol*, supra;
*Coll v. Westinghouse E. & Mfg. Co.*, supra; *Jackson v.
Gunton*, 218 Pa. 275, 67 A. 467 (1907); *Byers v. Bacon*,
250 Pa. 564, 95 A. 711 (1915).

In the case at bar, the proposed amendment did not
change the cause of action but merely amplified more
specifically why the statute is tolled for the purpose
of the prosecution of the originally pleaded cause. Un-
der such circumstances, it should have been allowed.

Appellees' argument, that when the proposed amend-
ment was refused in the first instance, this ruling thus
became final and the law of the case, and binding upon

the court at the time the motion for judgment was considered, is without merit. The refusal at that time was an interlocutory order and the plaintiff had no recourse to question its correctness by appeal until the final judgment was entered.

It is also argued that the depositions of the plaintiff and the decedent's father clearly manifest lack of reasonable diligence in ascertaining the facts and this, in itself, contradicts the factual allegations as to concealment and fraud in the proposed amendment. Suffice it to say, that the plaintiff may be in a position at trial to establish, by the testimony of other witnesses, facts which will sustain the allegations necessary to toll the statute. The depositions do not preclude him from this opportunity.

Judgment reversed and the court below is directed to enter an order allowing the amendment.

Mr. Chief Justice BELL and Mr. Justice BENJAMIN R. JONES dissent.