**Miriam H. GIRSH**

v.

**Myers L. GIRSH.**

**Civ. A. No. 30032.**

United States District Court
E. D. Pennsylvania.

Sept. 23, 1963.

Laurence H. Eldredge, Philadelphia, Pa., for plaintiff.

Thomas D. McBride, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Plaintiff brought this diversity action against her former husband for an accounting of certain business enterprises and other property in which she claimed an interest. In an opinion filed June 5, 1963, D.C., 218 F.Supp. 888, this court granted defendant's motion for summary judgment holding that plaintiff's action was barred by the terms of a valid re-

lease executed by her in a property settlement agreement and likewise was barred by the Statute of Limitations or by laches. Before the court at this juncture is plaintiff's motion for reargument, which, for the reasons stated herein, will be denied.

Plaintiff argues that the court in its prior opinion failed to consider the effect of certain allegedly fraudulent misrepresentations made by the defendant husband to the wife's agents during negotiation of the property settlement agreement in 1950. It is contended that the defendant, in providing the wife's father with a schedule of all the wife's assets exclusive of personal effects such as jewelry and clothing, "concealed from the incompetent's father the full extent of her own property and the full extent of her participation in business ventures with him," (the defendant). Hence it is argued that the release which otherwise would be broad enough to bar this action, should be construed as not including the alleged concealed property.

■ There are two fatal weaknesses in plaintiff's argument. First, the Orphans' Court of Cambria County has found that the wife "knew the nature and extent of her own property" at the time she executed the release, which finding is binding on the plaintiff under the principles of res judicata as discussed in the principal opinion in this case. Second, the pleadings, affidavits and answers to interrogatories on file in this case conclusively show that there is no genuine issue as to concealment of the wife's assets. The Schedule of Assets attached to the property settlement agreement did in fact represent all the wife's assets exclusive of personal effects.

Plaintiff wife, through her counsel, alleged that she owned a substantial interest in a family partnership known as Master Kraft Construction Company as well as a 25% ownership interest in Curtis Construction Company, another real estate business of the husband. Plaintiff wife also alleged that she owned half interests in a house and a $25,000 wedding gift, which property allegedly was not included in the Schedule of Assets and, consequently, was not released in the property settlement agreement of 1950.

These allegations are conclusively rebutted by the sworn statements of the defendant in his unrefuted answers to plaintiff's interrogatories. These answers establish that, during the life of M. L. Girsh & Company and its successor, Master Kraft Construction Company which was dissolved in 1940, the plaintiff wife actually received approximately $200,000.00 as a result of the husband's gift of 35% of the profits of these companies. Furthermore, in 1950, when the property settlement agreement was executed, there was no Master Kraft Construction Company in existence. Hence it hardly can be believed that the defendant in 1950 misrepresented the full extent of his wife's property by failing to indicate in the Schedule of Assets an interest held by the wife in Master Kraft Construction Company.

The unrefuted answer to plaintiff's interrogatories further establishes that while 250 shares in Curtis Construction Company were given to the wife, these shares were bought back by the corporation on December 31, 1941, pursuant to a written agreement whereby the wife received their par value of $2,500. Furthermore, checks payable to plaintiff wife representing salary, interest and dividends in Master Kraft Construction Company and Curtis Construction Company were deposited at her request at various times from 1937 to 1950 in her bank account at The First Pennsylvania Banking and Trust Company, the total unexpended balance of which in 1950 was fairly represented in the Schedule of Assets attached to the property settlement agreement.

The allegation of the wife's counsel that she has never received an accounting of her half interest in the marital home is specifically contradicted by the unrefuted sworn statement of the defendant that she received 50% of the proceeds of the sale of that property in 1949 as well as 100% of the proceeds of the sale of the contents of the house.

Finally, the allegation of the wife's counsel that she never received an accounting of her half interest in a $25,000 wedding gift is specifically refuted by the sworn statement of the husband that the $25,000 was expended for the purchase of a home and other domestic expenses with the balance partially placed in investments by the wife and partially deposited in her bank account, both of which assets at their 1950 value were included in the Schedule of Assets attached to the property settlement agreement. Plaintiff has alleged no facts anywhere in these proceedings which contradict these statements. The Schedule of Assets attached to the property settlement agreement fairly represented the total assets of the plaintiff in 1950. Consequently, there can be no genuine issue of fact as to any misrepresentation of the wife's property at the time of the agreement.

It may appear that the above discussion rests heavily on the defendant's answers to interrogatories and fails to give adequate consideration to the allegations of the plaintiff's complaint. This reliance is justified however under amended Fed. R.Civ.P. 56 governing summary judgment which states in part:

> " * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

■ In his sworn answers to interrogatories (which the amended Rule specifically allows the court to consider in passing on a motion for summary judgment), defendant has set forth specific facts refuting the allegations of plaintiff in her complaint. Plaintiff has chosen to rest her case on the general allegations of her complaint and the affidavit of her counsel which, for the most part, is not based on personal knowledge as required by Rule 56. In these circumstances the court is justified in granting the motion for summary judgment.

■■ Plaintiff raises one other contention in her motion for reargument which merits discussion. She contends that the Statute of Limitations or laches does not bar her action because the defendant in 1960 fraudulently concealed from her counsel facts which were necessary to properly prepare the complaint in this action. It is true that where " * * through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the limitation of the action * * *." Schaffer v. Larzelere, 410 Pa. 402, 405, 189 A.2d 267, 269 (1963). But such deliberate concealment of facts only tolls the statute if " * * * the plaintiff could not through the use of reasonable diligence have ascertained these facts * * *." Schaffer v. Larzelere, supra 410 Pa. at 406, 189 A.2d at 270. The refusal to let plaintiff's counsel examine the books and records of defendant's companies in 1960 and the ambiguous and perhaps not completely truthful use of the words "employed" and "employee" in defendant's 1960 statement concerning plaintiff's duties in defendant's companies prior to 1950, apparently increased the burden of investigation that plaintiff's counsel felt obliged to perform, but they certainly did not cause plaintiff or her counsel to "relax their vigilance or deviate from their right of inquiry." The real cause of the bar of the Statute of Limitations or laches here is not the alleged activity of the defendant, but the plaintiff's lack of "reasonable diligence" in waiting until 1960 to engage her present counsel.

### ORDER

AND NOW, this 23rd day of September, 1963, plaintiff's motion for reargument is denied.