James S. **KENNEDY**

v.

Peter V. **SENYO.**

**Civ. A. No. 76–70 Erie.**

United States District Court,
W. D. Pennsylvania,
Erie Division.
March 3, 1971.

Catalano, Ziegler & Maloney, Pittsburgh, Pa., Elmer I. Schwartz, Cleveland, Ohio, for plaintiff.

Quinn, Plate, Gent, Buseck & Leemhuis, Erie, Pa., for defendant.

## OPINION AND ORDER

KNOX, District Judge.

There is before the Court at this time a Motion for Protective Order filed by defendant. The action is docketed at Erie, Pennsylvania. Plaintiff is a resident of Ashtabula County, Ohio, and the defendant is a resident of Erie County, Pennsylvania. Notice had been served for taking depositions of witnesses one of whom was a resident of Ashtabula County, Ohio, at Pittsburgh and of an attorney for the plaintiff at Cleveland, Ohio. At the time of argument, both parties agreed that all depositions would be taken at Erie, Pennsylvania and an Order to this effect will be entered.

The other matter raised in the Motion for Protective Order poses a more difficult question. The plaintiff has subpoenaed the claim adjuster of defendant's liability insurance carrier for depositions to bring with him the complete claim file of the carrier including all correspondence, memoranda and documents between the adjuster and the carrier.

This is a diversity case arising out of an automobile accident which occurred September 15, 1968 in Conneaut Township, Erie County, Pennsylvania. Suit was filed in the United States District Court for the Western District of Pennsylvania on November 12, 1970, after the Pennsylvania Statute of Limitations for personal injuries had expired. (Act June 24, 1895, P.L. 236, 12 Purdons P. S. § 34). Plaintiff, however, was born October 14, 1949, and hence was a minor until October 14, 1970, when he attained his majority.

Under Ohio law, where a plaintiff is a minor, he may institute suit within one year after attaining his majority. (Ohio Revised Code Sec. 2305.16 formerly Gen. Code Ohio Sec. 11229). It is alleged that plaintiff, a citizen of Ohio, and his Ohio attorney relied upon this provision of Ohio law in filing this suit over two years after the accident.

It is clear that a Federal Court sitting in Pennsylvania where the accident occurred must apply the Pennsylvania Statute of Limitations. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). The Pennsylvania Statute of Limitations above cited has no provision for institution of suit by a minor after he attains his majority. The two-year period applies to minors as well as adults.

Von Colln v. Pennsylvania R. R. Co., 367 Pa. 232, 80 A.2d 83 (1951). The Pennsylvania Borrowing Statute (Act June 26, 1895, P.L. 375, 12 Purdons P.S. § 39) provides that where a cause of action is sooner barred in the state where it arose, Pennsylvania will apply the shorter Statute of Limitations. But, in the case at bar, since the accident happened in Pennsylvania, Pennsylvania would apply its own Statute of Limitations regardless of the residence of the plaintiff. Even if this suit were brought in an Ohio Court, it would apply the shorter Pennsylvania Statute of Limitations. Hilliard v. Pennsylvania R. R. Co., 73 F.2d 473 (6th Cir.1934).

The defendant in his Answer raised the defense of the Pennsylvania Statute of Limitations but plaintiff filed a reply thereto alleging that the Ohio Statute of Limitations was applicable. In this, plaintiff is obviously wrong. But plaintiff further alleges that defendant's insurance carrier made payments to him on account of expenses and represented that the claim would be settled. It is further averred that by reason of misrepresentation and concealment, defendant is estopped to rely on the Pennsylvania Statute of Limitations. This answer is signed by plaintiff's attorneys. Attached to plaintiff's brief is a letter from the carrier to plaintiff's mother dated March 13, 1970, which says inter alia, "Be sure to have your son come in to see me when he is 21."

If plaintiff can prove he was deceived and lulled into a false sense of security with respect to the statute of limitations and can prove misrepresentations or concealment with respect thereto by defendant's insurance carrer causing him to relax the vigilance he is ordinarily required to exercise with respect to this matter, it is possible for an estoppel to arise under Pennsylvania law. Schaffer v. Larzelere, 410 Pa. 402, 189 A.2d 267 (1963); Nesbitt v. Erie Coach Co., 416 Pa. 89, 204 A.2d 473 (1964).

Plaintiff, it is true, under Nesbitt, supra, has the burden of proving the existence of such fraud or concealment by evidence that is clear, precise or convincing. He may not be able to measure up to this standard, but the Court believes he should be given every reasonable opportunity.

The recent amendments to the federal discovery rules effective July 1, 1970, have made vast changes in the practice in this area. Under Rule 26(b) (3) as now modified [1], it is provided that materials such as these being the file of defendant's insurer may be discovered upon a showing of "substantial need" and that the party is unable without due hardship to obtain the materials by other means. The notes of the advisory committee urges the Court to consider: (1) importance of the materials, (2) inadequate alternative means of discovery and (3) lack of substantial equivalent of documents sought. The statement in the letter of March 13, 1970, might be susceptible of varying interpretations. In view of the allegations in plaintiff's pleadings, it would appear that the materials sought to be discovered from the

---

1. Rule 26(b) (3) *Trial Preparation: Materials.* Subject to the provisions of subdivision (b) (4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b) (1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning litigation.

\*     \*     \*     \*     \*

insurance carrier's file are important to plaintiff's claim of estoppel. It would further appear that unless the file is examined, plaintiff has no other means of discovery of such material and no equivalent of this material would be available elsewhere.

On the other hand, plaintiff has shown no need to examine the whole file of defendant's insurer. He is not entitled at this time to see documents pertaining to the insurer's evaluation of liability and damages. He is not entitled to see statements or work papers or opinions of the insurer's attorneys or other representative concerning the litigation. He is only now entitled to such matters in the file as may bear upon alleged misrepresentations or concealment with respect to the statute of limitations.

We have been cited to no case arising since July 1, 1970, interpreting the words "substantial need" in Rule 26(b) (3). It is obvious that, under the last sentence of the first paragraph of this rule, the Court in ordering discovery must protect defendant against disclosure of the items therein enumerated and must take steps to insure that this is done. The plaintiff in his brief has disclamed any intention to discover such items.

■ Under the circumstances, it would appear that defendant and his insurer will be protected and the requirements of Rule 26(b) (3) will be carried out if the file in question is produced before a judge of this court in camera for examination to determine if any materials of importance to plaintiff's position with respect to the statute of limitations are therein contained and to protect the defendant and his insurer against disclosure of the items prohibited in the Rule. This examination of the file will be carried on by this member of the court in the presence of defendant's counsel and if any materials of importance to plaintiff's position with respect

to the statute of limitations are discovered, proper copies of the same will be made for the use of plaintiff's counsel during depositions.