## Costello v. Arbor Fence Company, Inc.

*William Ross,* for plaintiffs.
*John Hambrook,* for defendants.

GRIFO, J., February 3, 1973.—This matter is before the court for determination of a factual issue, concerning the statute of limitations, raised in defendants' answer and new matter.

The undisputed facts, as brought out at hearing, are that on August 17, 1968, minor plaintiff, Joel Costello, then seven years old, was struck, while riding his bicycle, by a vehicle owned by the corporate defendant, and operated by its agent, the individual defendant. As a result of the collision, the youth suffered a depressed skull fracture, a double fracture of the left leg,

and was unconscious for approximately 10 days, his condition being then listed as critical.

Approximately three to four days after the accident, while Joel Costello was still comatose, the parents, John Costello, the plaintiff guardian herein, and his wife, were visited by a Mr. James Chett, a claim representative for the Aetna Life and Casualty Company (hereinafter called "Aetna"), defendants' insurance carrier. As a result of their conversation, part of which is in dispute, the boy's parents were assured that all bills would be paid by Aetna. Thereafter, approximately $3,414.76 in payments were made by Aetna from September 16, 1968, until August 11, 1971. There included payments for nine different medical bills, as well as reimbursing the boy's parents for their incidental expenses necessitated by their frequent visits to the hospital while Joel was recovering from his injuries.

In March of 1972, Mrs. Costello contacted the local Aetna office, seeking a settlement of the claim, then still pending. At that time, she was informed that the statute of limitations had run on the claim and that Aetna considered the case closed, and would make no further payments. At that point, for the first time, the Costellos retained counsel.

Two factual issues are in dispute herein, both of which affect the running of the statute of limitations on plaintiffs' claim, and both of which are interrelated. First, there is a dispute as to a portion of the conversation between the Costellos and Mr. Chett during their first meeting. The second point concerns a letter purportedly mailed by Aetna, through its claim representative, the receipt of which is denied by the Costellos.

Turning to the first point, it is claimed by the Cos-

tellos, in their testimony, that when they were first visited by Mr. Chett, he advised them that if they had not yet retained an attorney, they should wait until the insurance company made a settlement offer, at which time they could either accept the offer, or refuse it and then retain an attorney. This conversation is denied by Chett who claims not to have made any inquiry concerning whether or not an attorney had been retained, but only offered to pay the medical bills.

The second issue concerns a letter which is claimed to have been sent to the Costellos by a Frank McFadden, an employe of Aetna, who took over the Costellos' file in July of 1969. According to his testimony, following a telephone conversation with Mrs. Costello on July 6, 1971, during which he gave her permission to take her son for a further medical examination, he discovered that the statute of limitations had already run on the claim. The next day, he testified, he sent the Costellos a letter informing them that, although Aetna would pay for the examination already agreed to, the company would make no further payments because the statute of limitations had run. The receipt of this letter is denied by the Costellos.

The statute of limitations with which we are concerned reads as follows:

"Limitation in cases of personal injury
"Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; in cases where the injury does result in death the limitation of action shall remain as now established by law": June 24, 1895, P. L. 236, sec. 2, 12 PS §34.

Although sounding absolute in its terms, there have been established certain bases for the tolling of the statute, the most important for our consideration herein, being the fraud, deception or concealment of facts on the part of a defendant which lulls a plaintiff into a sense of security and causes him to relax his vigilance or deviate from his right of inquiry. When such occurs, the statute is tolled and defendant estopped from invoking the bar of the limitation of the action: Walters v. Ditzler, 424 Pa. 445, 227 A. 2d 833 (1967); Schaffer v. Larzelere, 410 Pa. 402, 189 A. 2d 267 (1963). It is of the utmost importance at this point to note that "the fraud which will toll the Statute and effect an estoppel need not be fraud in the strictest sense, i.e., inclusive of an intent to deceive, but may be fraud in the broad sense, i.e., inclusive of an unintentional deception": Walters v. Ditzler, supra, page 449; Nesbitt v. Erie Coach Co., 416 Pa. 89, 204 A. 2d 473 (1964). This is, of necessity, the standard because " [i]t is not the intention of the party estopped but the natural effect upon the other party which gives vitality to an estoppel": 5 Williston, Contracts, §691 (3rd Ed. 1961), as quoted in Nesbitt v. Erie Coach Co., supra, page 96.

Before proceeding to an examination of the positions of the parties, we must recognize that " [w]hen the facts are in doubt or dispute, the question of whether an action is barred by the statute of limitations is one of fact to be determined by the jury": 22 P. L. Encyc. 561 §157. Therefore, our inquiry herein is limited solely to determining whether or not there is "doubt or dispute" concerning the factual situation.

Turning first to the issue of the letter of July 7, 1971, as stated above, McFadden claims he sent the letter informing the Costellos that the statute of limitations had run on their claim and Aetna would make no fur-

ther payments; the Costellos claim never to have received such a letter. The importance of this, at a point almost 11 months after the statute of limitations had run, goes to whether or not, from this date, the Costellos slept on their rights, for it was not until March of 1972, that they contacted an attorney and instituted the present action.

" 'Depositing in the post office a properly addressed prepaid letter raises a natural presumption, founded on common experience that it reached its destination by due course of mail. Mailing a letter in such a way is prima facie evidence that it was received by the person to whom it was addressed, but such prima facie proof may be rebutted by evidence showing that it was not received.' Jensen v. McCorkell, 154 Pa. 323. But the basis for such presumption is wanting if it was not deposited in the mail": National Cash Register Co. v. John Tonkay and Co., 2 Westmoreland 55 (1907).

" 'There appears to be some conflict as to what evidence of a private business custom or usage is sufficient to prove the mailing of a letter. In many if not the majority of cases, it is held that proof of a usage in the sender's office whereby letters deposited in a particular place are taken by an employe and mailed by him is not sufficient, standing alone, to establish the fact that a letter so deposited was mailed. In order that such evidence may be considered sufficient it must be accompanied with proof showing a compliance with the custom, as, for instance, the evidence of the employe whose duty it was to take letters so deposited, and mail them, that he actually did so' ": Commonwealth v. Yorktowne Paper Mills, Inc., 40 D. & C. 2d 232, 236 (1966). There was, at hearing, neither proof of a usage in the Aetna office, nor proof of the mailing of the letter in question. For us to then conclude that the

Costellos received the letter, based solely upon McFadden's statement that he sent it, would be mere conjecture. " 'A presumption may be called "an instrument of proof," in the sense that it determines from whom evidence shall come, and it may be called something "in the nature of evidence," for the same reason' ": Watkins v. Prudential Insurance Co., 315 Pa. 497, 173 Atl. 644 (1934). Here, defendants have failed to produce the evidence sufficient to establish the presumption that the letter was received by the Costellos.

Weighing the evidence on both sides of this issue, we cannot say, with certainty, that the letter ever reached the Costellos, and this question must, therefore, be resolved by a jury.

Returning to the first issue, we cannot find with certainty that a statement was or was not made, advising the Costellos not to retain counsel until a settlement offer was tendered. Therefore, this issue, as well, must be determined by a jury.

Wherefore, the court enters the following

## ORDER

And now, February 12, 1973, the court having granted defendants' motion for taking of oral depositions, and having considered said depositions, denies and dismisses the prayer of defendants to dismiss the action as being barred by the statute of limitations, and directs the matter be set for trial for determination of the factual issues.