## Lloyd v. Brenner

Before Shughart, P. J., and Weidner, J.

*George F. Douglas, Jr.,* for plaintiff.
*Robert J. Stewart,* for defendant.

WEIDNER, J., August 3, 1973.—On October 17, 1969, plaintiff was allegedly injured as a result of a fall which occurred when she was leaving her place of employment, the Carlisle Beauty Supply Store, located in the building known as 11 East High Street in Carlisle, Pa. On October 6, 1971, plaintiff filed a praecipe for writ of summons in trespass against Clyde Brenner and Pearl T. Brenner. Subsequently, a complaint was filed which asserted that the named defendants were the owners of the building and were liable to plaintiff for her injuries. After the statute of limitations on the cause of action had expired, plaintiff learned that the owner of the property was Joseph D. Brenner and not Clyde Brenner and his wife. Plaintiff, therefore, petitioned the court to grant leave to amend the caption, pursuant to Pennsylvania Rule of Civil Procedure 1033.

The petition sets forth averments by plaintiff which are not challenged as incorrect by Joseph D. Brenner. The circumstances are that Clyde Brenner and his wife were owners of the property for many years but conveyed it to their son, Joseph Brenner, before the alleged injury to plaintiff. Clyde Brenner continued to collect the rent, however, and plaintiff assumed him to be the owner. Plaintiff's attorney knew that Ohio Casualty Insurance Company had insured the property for Clyde Brenner and, therefore, wrote the company's local claims manager, Robert B. Shutts, on June 4, 1971, setting forth the facts of the case and urging a a meeting to discuss it. Through no apparent fault of the claims manager, the meeting never materialized,

and plaintiff filed the praecipe for writ of summons on October 6, 1971, to toll the statute of limitations. Mr. Shutts was informed of this action by plaintiff's attorney, but we have no idea what transpired thereafter. After the expiration of the statute of limitations on the trespass action, the insurance company informed plaintiff that Joseph Brenner owned the property. The insurance company insures the property for Joseph Brenner, but they oppose the amendment to the caption because of the bar of the statute of limitations. A rule to show cause why plaintiff should not be granted leave to amend the caption was issued on defendant and the parties filed briefs on the matter. In her brief, plaintiff alleged several additional occurrences which enlarged considerably upon the facts averred in the petition. Plaintiff was afforded the opportunity to amend the petition to include them but chose not to do so. The court, therefore, will not consider these allegations in reaching its conclusion: Hardy v. Shire, 46 Westmoreland 227 (1964); Moffat Coal Co. v. A. J. Schrader, Inc., 73 Dauph. 359 (1959). Also see Pennsylvania Rule of Civil Procedure 1019.

The basic pronouncement of our courts is that a complaint cannot be amended to substitute a new party as defendant after the statute of limitations has expired: Saracina v. Cotoia, 417 Pa. 80, 84 (1965) (citing authorities). That case does not, however, deal with the situation where there is fraud or concealment on the part of the party sought to be substituted as defendant. We, therefore, do not consider the case to be completely determinative of the issue in this case. See DeFebbo v. Speshok, 54 D. & C. 2d 385 (1971).

It is clear that the doctrine of equitable estoppel might be applied to preclude a person from raising the statute of limitations as a defense to a petition to

amend a complaint. The rules for applying the doctrine were set forth by Justice Eagen in Schaffer v. Larzelere, 410 Pa. 402, 405 (1963), where the court stated:

"Under the law of Pennsylvania, it is the duty of one asserting a cause of action against another to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute the suit within the prescribed statutory period . . . Mere mistake, misunderstanding or lack of knowledge is not sufficient to toll the running of the statute . . . If, however, through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the limitation of the action . . ." (citations omitted.)

In applying the doctrine of equitable estoppel in this type of situation, fraud has been construed to include unintentional deception as well as intentional misrepresentation: Walters v. Ditzler, 424 Pa. 445, 449 (1967); Nesbitt v. Erie Coach Company, 416 Pa. 89, 96 (1964); Schwab v. Cornell, 306 Pa. 536, 539 (1932).

In Schaffer v. Larzelere, supra, at 406-07, the court allowed an amendment to the complaint after the expiration of the statute of limitations, explaining that the right to amend is to be granted unless there was an error of law or prejudice to defendant. In the present case, the insurance company was acting as agent for both Joseph Brenner and Clyde Brenner; therefore, we believe that a showing of fraud or concealment on its part would estop Joseph Brenner from raising the bar of the statute of limitations. See DeFebbo v. Speshok, supra. The averments in the petition, however, provide no basis for a determination that any act or omission by the insurance company misled plaintiff or caused her to relax her vigilance. In fact,

there is no averment that the insurance company even met with plaintiff before the statute of limitations had lapsed. The praecipe for writ of summons did not furnish any information on which defendant or the insurance company could act, and the complaint was not filed until after the cause of action against Joseph Brenner had lapsed.

It was plaintiff's duty to ascertain who owned the premises if she wished to institute an action against them. The insurance company was under no duty to inform plaintiff who owned the property and mere inaction on their part cannot be construed as either concealment or fraud. The doctrine of equitable estoppel is invoked only in clear cases of fraud, deception, or concealment (Walters v. Ditzler, supra, at 449-50), and plaintiff's petition is lacking any averment from which even an inference of fraud or concealment can be drawn.

## ORDER OF COURT

And now, August 3, 1973, plaintiff's motion for leave to amend the complaint is overruled and dismissed.