## Aguado v. Koutsoubos

*Simon S. Berman,* for plaintiff.
*Jonathan D. Herbst,* for defendant.

WRIGHT, *J.*, October 22, 1974—This case is an action in trespass arising out of an automobile accident which occurred on February 2, 1969. It is presently before the court upon motion of the named defendant, Sunny Stein Chevrolet, Inc., for summary judgment. A review of the sequence of events leading up to the present posture of the case is in order.

The accident occurred, as noted above, on February 2, 1969, involving personal injuries to plaintiff. On January 21, 1971, a writ of summons in trespass was filed against all defendants except Sunny Stein Chevrolet, Inc. On April 7, 1971, depositions were taken, wherein certain information was revealed bearing on Sunny Stein Chevrolet, Inc. On August 26, 1971, a complaint was filed, naming Sunny Stein Chevrolet, Inc., as a defendant. It is to be noted that the two-year statute of limitations expired on February 2, 1971, prior to the depositions being taken.

The information disclosed at deposition concerning Sunny Stein Chevrolet, Inc., was that it had sold the automobile which struck plaintiff, and, when sold, it had defective brakes which Sunny Stein Chevrolet, Inc., failed to repair. The deposition also revealed that the automobile, subsequent to the accident, was returned to Sunny Stein Chevrolet, Inc., and demolished.

At issue is whether or not Sunny Stein Chevrolet, Inc., can be made a party defendant *after* the running of the statute of limitations. We think not. Initially, it is to be noted that the law of our Commonwealth places a duty on one initiating a cause of action against another to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based. Following that duty, one must initiate the suit within the time period statutorily prescribed by our legislature: Schaffer v. Larzelere, 410 Pa. 402 (1963); Turtzo v. Boyer, 370 Pa. 526 (1952). Mere mistake, misunderstanding or *lack of knowledge* is not a sufficient force to toll the running of the statute: Schaffer, supra; McEnery v. Metropolitan Life Insurance Co., 50 D. & C. 395 (1944); Walters v. Ditzler, 424 Pa. 445 (1967).

Some recognized exceptions have been written into our case law, modifying the strict adherence to the rule, but we do not find that the instant case falls within those exceptions. There has been no fraud, nor concealment. We do not find that the proposed defendant has caused plaintiff to relax her vigilance, nor to be sidetracked from her right of inquiry; therefore, the proposed defendant is not estopped from invoking the bar of the limitation of the action.

Plaintiff cites several cases for this court's consideration, seeking to persuade us that the fact of "brake failure" being discovered *after* the statute had run somehow gives plaintiff new life to assert her claim against Sunny Stein Chevrolet, Inc. She also asserts that counsel who was first engaged by plaintiff did not pursue her claim with appropriate diligence. Whether we agree or not, it does not rise to an exception to the ordinary rule of the tolling of

the statute. That situation is a matter between plaintiff and her first counsel.

The cases cited by plaintiff also do not relieve plaintiff from her duty to initiate her suit against the proposed defendant within the appropriate time period. One case has to do with the statute of limitations applicable to causes of action arising out of sub-surface injury, the same *starting* to run from the time of discovery of the cause of harm, or when it should reasonably have been discovered: Smith v. Bell Telephone Co. of Pa., 397 Pa. 134 (1959). Other cases (Byers v. Bacon, 250 Pa. 564 (1915); Ayers v. Morgan, 397 Pa. 282 (1959)) have to do with medical malpractice situations wherein a sponge was left in plaintiff's body. Those cases speak in terms of plaintiff discovering the *fact of the injury* within the proper time, not the *cause* of the injury.

For the above reasons we enter the following:

## ORDER

And now, to wit, October 22, 1974, it is hereby ordered and decreed that the motion for summary judgment of defendant, Sunny Stein Chevrolet, Inc., is hereby granted.