## Larks v. Jacobius

*E. Jerome Brose & J. Stephen Kreglow*, for plaintiff.
*Donald H. Lipson*, for defendant.

GRIFO, *J.*, April 23, 1975—This matter is before the court on defendants' motion for partial summary judgment under Pa. R.C.P. 1035(c).

On November 19, 1970, plaintiff, Harry Larks, suffered an eye injury in an industrial accident. He was taken to defendant, Easton Hospital, and after an examination revealed the presence of a sliver of metal, his eye was bandaged and he was referred to defendant, Henry F. Jacobius. The next day, plaintiff saw Dr. Jacobius and, after a clinical examination, had a carbon steel splinter removed from his eye. Plaintiff continued to see Dr. Jacobius until August 1971. At that time, however, plaintiff, still experiencing pain in the eye and deterioration of

vision, visited another ophthalmologist, defendant, Robert H. Fessler. Dr. Fessler diagnosed the problem as a cataracted lens.

On September 29, 1971, plaintiff was admitted to Easton Hospital for removal of the cataract. On Dr. Fessler's orders, pre-surgery X-rays were taken of the eye by defendant George Z. Heimbach. After Dr. Heimbach reported that plaintiff's eye was free of any foreign matter, Dr. Fessler removed the cataract. Plaintiff's eye continued, however, to deteriorate. When Dr. Fessler's continued treatment offered no relief, plaintiff, on November 13, 1972, visited Wills Eye Hospital. At Wills Eye Hospital, plaintiff's problems were diagnosed as siderosis and secondary glaucoma caused by the presence of another, and as yet undiscovered, carbon steel splinter in the eye.

The following year, on January 16, 1973, surgery was performed at Wills Eye Hospital to remove the remaining splinter. The operation was not successful and, despite all efforts, plaintiff's vision remains permanently impaired.

Easton Hospital contends that it is entitled to partial summary judgment, since the alleged negligence of its emergency room personnel occurred on November 19, 1970, more than two years* before the filing of suit on April 6, 1973; and, in addition, that plaintiff knew or should have known immediately of the tort allegedly committed by the hospital.

---

*The statute of limitations applicable to actions involving personal injuries is set forth in the Act of June 24, 1895, P.L. 236, sec. 2, 12 P.S. §34, which provides:

"Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards."

Plaintiff does not dispute the fact that suit was filed more than two years after the original trauma, but argues that the statute of limitations was tolled until November 13, 1972, based on two theories: (1) Dr. Heimbach concealed the injury when he X-rayed plaintiff's eye on September 29, 1971, and reported that no foreign matter was present; and (2) plaintiff could not reasonably have known of Easton Hospital's alleged negligence on November 19, 1970; rather, he only discovered the injury when the second splinter was found on November 13, 1972.

The only question to determine then is whether there is a genuine issue of material fact as to when the two-year statute of limitations began to run: Schacter v. Albert, 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968).

The law of the Commonwealth states that the two-year period for purposes of the statute of limitations begins to run in this sort of malpractice case "when the injury was done." The test of "when the injury was done" has been variously stated as: "when the act heralding a possible tort inflicts a damage which is physically objective and ascertainable": Ragan v. Steen, 229 Pa. Superior Ct. 515, 520, 331 A. 2d 724 (1974), citing Ayers v. Morgan, 397 Pa. 282, 290, 154 A. 2d 788 (1959); and when the "discovery of the injury is reasonably possible": Schaffer v. Larzelere, 410 Pa. 402, 406, 189 A. 2d 267 (1963).

The original negligence of Easton Hospital allegedly occurred on November 19, 1970, when the emergency personnel at the hospital failed to discover the second carbon steel splinter in plaintiff's eye. One splinter was removed the following day by Dr. Jacobius, but plaintiff continued to feel discom-

fort and suffered deteriorating vision in the eye over the next two years. Easton Hospital argues that, based on this symptomatology, plaintiff had to be immediately aware of the injury caused by the hospital's alleged negligence in failing to locate the second splinter on November 19, 1970. We disagree.

We cannot say that there is no dispute of material fact as to whether plaintiff knew, or should have known, of the alleged negligence of Easton Hospital on November 19, 1970, since following the injury he remained in the care of first, Dr. Jacobius, and then Dr. Fessler, both of whom presumably informed him that his discomfort was a part of the recovery process. See Happel v. Johnson, 62 D. & C. 2d 587 (Northampton, 1972). To draw the line for the statute of limitations at the date of the original trauma on November 19, 1970, when any negligence of Easton Hospital was masked by a combination of plaintiff's natural recuperation and the ensuing negligence of Dr. Jacobius and Dr. Fessler, is inconsistent with the dictate that the cause of action only accrues when discovery of the injury is "reasonably possible": Schaffer, supra. Under these circumstances, it is more appropriate to submit the issue of the statute of limitations to the jury: Ragan v. Steen, supra; Happel v. Johnson, supra.

Finally, we are not persuaded by either Barshady v. Schlosser, 226 Pa. Superior Ct. 260, 313 A. 2d 296 (1973), or Ciccarone v. United States, 486 F. 2d 253 (3rd Cir., 1973), cited by defense counsel. In Barshady (which, we note, is a 3-3 affirmance by the Superior Court of a compulsory nonsuit entered by the trial court) plaintiff suffered severe and lingering pain and rawness of the tongue immediately after an operation to cure a hearing defect. Almost

four years later, she filed suit against the surgeon and a compulsory nonsuit was entered. In Ciccarone, a diagnostic procedure was performed on plaintiff's spine and almost immediately he lost the use of his legs. Under these facts, the claim was barred by the applicable statute of limitations. These situations are easily distinguished from the facts of this case, since Easton Hospital's alleged negligence on November 19, 1970, was no doubt hidden both by plaintiff's reasonable expectation that the continuing discomfort was part of the routine recovery process, and his physicians' continued treatment.

We, therefore, conclude that the question of whether the statute of limitations dates from November 10, 1970, or was tolled because of the subsequent events presents an issue of material fact that should be resolved by a jury.

Wherefore, the court enters the following

## ORDER

And now, April 23, 1975, defendant Easton Hospital's motion for partial summary judgment is denied and dismissed.