**Catherine SCOVERN, Appellant,**

v.

**COUNTY OF NORTHUMBERLAND, Commissioners for Northumberland County, Treasurer for Northumberland County, Engineering Department for Northumberland County, and Tax Claim Bureau for Northumberland County.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 2, 1995.

Decided Aug. 22, 1995.

Reargument Denied Oct. 3, 1995.

Peter Abraczinskas, for appellant.

Charles H. Saylor, for appellees.

Before COLINS, President Judge, NEWMAN, J., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Catherine Scovern (Scovern) appeals from an order of the Court of Common Pleas of Northumberland County (trial court) that granted the preliminary objections of the Defendants [1] and dismissed her action which had sought to set aside the tax sales of three tracts of real property and the corresponding mineral rights due to the lack of proper statutory notice regarding said sales.

By deed dated April 10, 1962 and filed April 11, 1962, Scovern acquired title to an undivided one-third ($\frac{1}{3}$) interest as a tenant-in-common with Oscar O. Salter (Salter) and Wilfred W. Ermert (Ermert) in three tracts of real property and the corresponding mineral rights thereto.[2] On September 24, 1969, pursuant to delinquent tax sales conducted by the Treasurer for Northumberland County (Treasurer), the Commissioners for Northumberland County (Commissioners), as trustees for the County of Northumberland (County), purchased two of the three tracts of real property owned by Scovern (TMT 75–106 and TMT 75–107).[3] Scovern never received notice, either actual or constructive, of any delinquent taxes owed or of the proposed tax sale of said properties.

On September 30, 1970, pursuant to a delinquent tax sale conducted by the Treasurer, the Commissioners, as trustees for the County, purchased the third remaining tract of real property owned by Scovern (TMT 75–29).[4] Scovern never received notice, either actual or constructive, of any delinquent taxes owed or of the proposed tax sale of said property.

1. The Defendants herein are the County of Northumberland, the Commissioners for Northumberland County, the Treasurer for Northumberland County, the Engineering Department for Northumberland County, and the Tax Claim Bureau for Northumberland County.

2. The aforementioned tracts of real property and the corresponding mineral rights thereto are identified in the office of the Tax Claim Bureau for Northumberland County as follows:

 A. Tax Map Tract No. 75–106 (TMT 75–106) consisting of 134.48 acres in West Cameron Township, Northumberland County with the corresponding mineral rights at Tax Map Tract No. M–16 (TMT M–16);

 B. Tax Map Tract No. 75–107 (TMT 75–107) consisting of approximately 476 acres located in West Cameron Township, Northumberland County with the corresponding mineral rights at Tax Map Tract No. M–15 (TMT M–15); and

 C. Tax Map Tract No. 75–29 (TMT 75–29) consisting of 10.6 acres in Zerbe Township, Northumberland County with the corresponding mineral rights at Tax Map Tract No. M–55 (TMT M–55).

3. At the time of the aforementioned tax sales, the taxes owed were $175.32 for TMT 75–106 and $633.78 for TMT 75–107.

4. At the time of the aforementioned tax sale, the taxes owed for TMT 75–29 was $15.61.

On February 18, 1971, pursuant to delinquent tax sales conducted by the Treasurer, the Commissioners, as trustees for the County, purchased the corresponding coal and mineral rights existing under the previously purchased tracts of real property.[5] Scovern never received notice, either actual or constructive, of any delinquent taxes owed or of the proposed tax sales of said mineral tracts.

Beginning in 1971 and continuing up until and through May of 1994, the County, the Commissioners, and the Engineering Department for Northumberland County (Engineering Department) entered into several lease agreements with various coal companies to mine the mineral tracts.[6] Under the terms of the various lease agreements, the County, the Commissioners, and the Engineering Department received royalties for each long ton of coal removed from the mineral tracts for a total amount of at least $8188.10.[7]

Between 1971 and 1986, the Tax Claim Bureau for Northumberland County (Tax Claim Bureau), acting as trustee and agent for the County and the Commissioners, sold to private individuals eighteen (18) separate parcels of real property from TMT 75–106 and TMT 75–107. The sold property consisted of eighty (80) acres of land with a combined selling price of $14,351.00. Scovern never received notice by certified mail of any of the aforementioned eighteen (18) sales as required by statute.

On March 9, 1993, Scovern received notice by certified mail that the Tax Claim Bureau, acting as trustee and agent for the County and the Commissioners, had filed a petition for private sale of a parcel of TMT 75–107. Scovern filed a response and answer to the petition for private sale; however, prior to a hearing on the matter, the trial court granted the motion of the Tax Claim Bureau to withdraw said petition.

On November 10, 1993, Scovern initiated a civil action against the Defendants by filing a praecipe for writ of summons. On May 9, 1994, Scovern filed a seven count, one-hundred ten (110) paragraph complaint [8] which alleged that the tax sales of the three tracts of real property and the corresponding mineral rights thereto were invalid for failure to give proper notice as required by statute and that all subsequent transactions by the Defendants were conducted without legal right resulting in direct injury to Scovern's property rights.

The Defendants filed preliminary objections to the complaint in the form of 1) a demurrer based upon, amongst other things, governmental immunity and the applicable twenty-one (21) year statute of limitations, 2) a challenge to jurisdiction due to the failure to join indispensable parties, 3) a motion to strike for lack of conformity to law or rule of court, and 4) a challenge on the basis of lack of standing.[9] The trial court disposed of the preliminary objections as follows:

AND NOW, this 30th day of November, 1994, after argument held, and upon con-

---

5. The taxes owed at the time of the sale were $146.84 for TMT M–55, $2055.06 for TMT M–16, and $7074.00 for TMT M–15.

6. For the calendar years of 1971 and 1972, West Cameron Coal Company (WCCC) removed coal deposits from TMT M–15. For the calendar years of 1985 and 1986, T.L.K. Coal Company (TLKCC) removed coal deposits from TMT M–16. For the calendar years of 1987 through May of 1994, Empire Coal Mining and Development Company (ECMDC) removed coal deposits from TMT M–15.

7. WCCC removed 7381 long tons of coal in 1971 at a rate of $.45/long ton. WCCC removed 2762 long tons of coal in 1972 at a rate of $.48/long ton. Total royalties paid by WCCC were at least $4,635.33. TLKCC removed 148 long tons of coal in 1985 at a rate of $2.00/long ton. TLKCC removed 998 long tons of coal in 1986 at a rate of $2.00/long ton. Total royalties paid by TLKCC were at least $2292.00. ECMDC removed 840 long tons of coal in 1991 at a rate of $1.50/long ton yielding royalties of at least $1260.77.

8. The complaint consisted of three counts in ejectment, two counts in constructive trust, and two counts in trespass and sought compensatory and punitive damages in addition to equitable relief.

9. Separate preliminary objections to Scovern's complaint were jointly filed by the County, the Commissioners, and the Engineering Department on May 31, 1994, by the Tax Claim Bureau on June 1, 1994, and by the Treasurer on June 15, 1994. While there were three such separate filings, the trial court apparently considered the preliminary objections substantially similar enough in content to dispose of said objections as if all had been filed jointly.

sideration of briefs submitted by Counsel, it is hereby ORDERED AND DIRECTED that the Defendants (sic) Preliminary Objections are GRANTED, and the Plaintiffs (sic) action is DISMISSED.

(R.R. 66a.) We note that the trial court's order, on its face, appears to grant and/or sustain all of the preliminary objections of the Defendants; however, a review of the opinion filed in support of the trial court's order reveals that the trial court predicated its dismissal of Scovern's action on two grounds only,[10] i.e., that 1) her claims were barred by the twenty-one (21) year statute of limitations and 2) she had failed to join indispensable parties.[11]

 As did the trial court, we will first address whether the statute of limitations acts as a bar to her causes of action in this matter. The trial court correctly notes that a review of the complaint reveals that the tax sales of the land and corresponding minerals rights thereto occurred in the years 1969, 1970, and 1971. Additionally, since September 24, 1969, and continuing up until the filing of the complaint, the Defendants have exercised care, custody and control over the subject land. Also, Scovern did not initiate her action against the Defendants until November 30, 1993.

 Where, as here, the action is for the possession of real property it must be commenced within twenty-one (21) years. 42 Pa.C.S. § 5530(a)(1). Scovern, by her own pleadings, concedes that the period within which her claim must be brought, twenty-one (21) years, has run. Instead, Scovern alleges that the doctrine of "fraudulent concealment" effectively tolled the statute of limitations. *See Schaffer v. Larzelere*, 410 Pa. 402, 189 A.2d 267 (1963) (if fraud or concealment by defendant causes plaintiff to relax vigilance or deviate from right of inquiry, defendant is estopped from invoking bar of limitation). Scovern, however, fails to aver any concealment or fraud on the part of the Defendants. Scovern merely avers that the Defendants failed, for reasons whatsoever, to give her proper notice of the tax sales as required by statute. Lack of notice only does not constitute fraud or concealment.

 We note that this is not a situation where the alleged injury was undiscoverable until 1993 since the property in question was mined during various periods from 1971 up and until the filing of the complaint. Scovern fails to aver in her complaint that the mining activity as such could not be discovered prior to 1990 through the exercise of due diligence.[12] The trial court therefore did not err in concluding that Scovern's cause of action was barred by the statute of limitations. Having so determined, we need not address the other issues raised by Scovern.

Accordingly, the order of the trial court granting the preliminary objections of the Defendants and dismissing Scovern's action will be affirmed.

### ORDER

AND NOW, this 22nd day of August, 1995, the order of the Court of Common Pleas of Northumberland County, dated November 30, 1994, is affirmed.

**10.** In its opinion, the trial court stated that "[h]aving decided the above two issues as we have, it is not necessary for us to discuss the remainder of the issues raised by Defendants (sic) Preliminary Objections." (R.R. 65a.)

**11.** The trial court concluded that Salter and Ermert (the other two tenants-in-common at the time of the tax sales) as well as the persons who obtained title to the eighteen parcels of real property from TMT 75–106 and TMT 75–107 were all indispensable parties.

**12.** It is well established that one asserting a cause of action against another must use reasonable diligence to properly inform himself of the facts and circumstances upon which the right to recovery is based and to institute the suit within the prescribed statutory period. *Schaffer,* 410 Pa. at 405, 189 A.2d at 269.